**In re KAISER ALUMINUM CORPORATION, INC., Debtor.**

**Kaiser Group International, Inc., et al., Appellants,**

v.

**Kaiser Aluminum & Chemical Corporation, Appellee.**

**Bankruptcy No. 02–10429–JFK. Civ.A. No. 03–954–JJF.**

United States District Court, D. Delaware.

Sept. 30, 2004.

Michael F. Bonkowski, Donald J. Detweiler, Saul Ewing LLP, Wilmington, DE, for Appellants.

Daniel J. DeFranceschi, Kimberly D. Newmarch, Richards, Layton & Finger, P.A., Wilmington, DE, of counsel: Gregory M. Gordon, Daniel P. Winikka, David G. Adams, Jones Day, Dallas, TX, for Appellee.

### OPINION

FARNAN, District Judge.

Presently before the Court is an appeal by Appellants, Kaiser Group International, Inc., and its affiliated reorganized debtors, including Kaiser Engineers (collectively, "KGI") from the September 22, 2003 Order (the "Order") of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") granting Kaiser Aluminum and Chemical Corporation's ("Kaiser Aluminum") Motion For Enforcement Of The Automatic Stay Against Kaiser Group International And Its Affiliated Reorganized Debtors. For the reasons set forth below, the decision of the Bankruptcy Court will be affirmed.

## I. THE PARTIES' CONTENTIONS

By its appeal, KGI contends that the Bankruptcy Court erred in staying the adversary proceeding commenced by KGI in its bankruptcy case against Travelers Insurance Company (the "Travelers Adversary Action") seeking the turnover of certain property allegedly owned by KGI. KGI contends that the Travelers Adversary Action is a simple claim by an insured, KGI, against its insurer, Travelers, and that the Bankruptcy Court should not have stayed the proceeding based on any role that Kaiser Aluminum may have in the litigation. KGI contends that the automatic stay provisions of Section 362(a) do not apply to the Travelers Adversary Action because Travelers is a non-debtor third party to whom the provisions of the automatic stay do not apply. KGI contends that Kaiser Aluminum is not a defendant or named party in the Travelers Adversary Action, and no evidence was presented to establish that the insurance premiums that are the subject of the Travelers Adversary Action are property of the Kaiser Aluminum estate. In addition, KGI contends that the Bankruptcy Court erred by implicitly finding that a settlement agreement between Kaiser Aluminum and Travelers is binding on KGI. KGI contends that this settlement agreement only requires Kaiser Aluminum to defend and indemnify Travelers from claims made by Monument Select Insurance Corporation ("Monument"), KGI's wholly-owned non-debtor subsidiary, and not from claims made by KGI. KGI further contends that Kaiser Aluminum waived, release and discharged any claims it has for unearned insurance premiums by failing to file a prepetition claim against KGI before KGI's Reorganization Plan was confirmed.

In response, Kaiser Aluminum contends that the Travelers Adversary Proceeding filed by KGI is a veiled attempt to circumvent the automatic stay protection afforded Kaiser Aluminum as a result of its bankruptcy. Kaiser Aluminum contends that, even though Travelers was the only party named in the Travelers Adversary Action, such a point elevates form over substance, because Kaiser Aluminum is the real party in interest. According to Kaiser Aluminum, it is the only party with an economic interest in any insurance premiums Monument is required to return. Kaiser Aluminum contends that the Travelers Adversary Action is an attempt by KGI to defeat Kaiser Aluminum's efforts to recover those premiums and collaterally attack Kaiser Aluminum's settlement with Travelers. Kaiser Aluminum points out that it commenced an action in Louisiana state court against Monument and Travelers before filing for bankruptcy and that KGI never intervened in that lawsuit or asserted any claims to the premiums at issue until it filed the Travelers Adversary proceeding.

## II. STANDARD OF REVIEW

 The Court has jurisdiction to hear an appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the Court applies a clearly erroneous standard to the Bankruptcy Court's findings of fact and a plenary standard to its legal conclusions. *See Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir.1999). With mixed questions of law and fact, the Court must accept the Bankruptcy Court's finding of "historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" *Mellon Bank, N.A. v. Metro Communications, Inc.*, 945 F.2d 635, 642 (3d Cir.1991) (citing *Universal Minerals, Inc. v. C.A. Hughes & Co.*, 669 F.2d 98, 101–02 (3d

Cir.1981)). The appellate responsibilities of the Court are further understood by the jurisdiction exercised by the Third Circuit, which focuses and reviews the Bankruptcy Court decision on a *de novo* basis in the first instance. *In re Telegroup,* 281 F.3d 133, 136 (3d Cir.2002).

## III. · DISCUSSION

■ Reviewing the decision of the Bankruptcy Court in light of the applicable law, the Court concludes that the Bankruptcy Court correctly stayed the Travelers Adversary Proceeding filed by KGI. In relevant part, Section 362(a)(1) of the Bankruptcy Code provides:

(a) Except as provided in subsection (b) of this section, a petition filed under Section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial administrative or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title . . .

\* \* \* \* \* \*

(2) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate . . .

■ KGI contends that its adversary action only names Travelers as a defendant, and therefore it is not a lawsuit against a debtor. The Court disagrees with KGI's position. The protection of the automatic stay extends to any action or proceeding against an interest of the debtor. The scope of this protection is not determined solely by whom a party chose to name in the proceeding, but rather, by who is the party with a real interest in the litigation. *See e.g. Maaco Enterprises, Inc. v. Corrao,* 1991 WL 255132, \*2 (E.D.Pa. Nov. 25, 1991) (stating that "[t]he automatic stay provision applies to suits against non-debtor defendants who are related to the debtor and to suits the resolution of which may have a significant impact on the debtor" and finding that suit against Corraos individually was sufficient to invoke protection of § 362 where company formed by individuals was debtor who would be impacted by resolution). In the circumstances of this case, the Court concludes that the Bankruptcy Court correctly recognized that the real party in interest in the Travelers Adversary Action is Kaiser Aluminum.

KGI also asserts that the Travelers Adversary Action is not a proceeding which could have been initiated before the commencement of Kaiser Aluminum's bankruptcy case, because Kaiser Aluminum only assumed certain rights and obligation of Travelers pursuant to its settlement with Travelers, which occurred after the commencement of Kaiser Aluminum's bankruptcy case. In the circumstances of this case, the Court disagrees with KGI's assertion. The relevant question is whether KGI's adversary proceeding, which is in effect a proceeding against Kaiser Aluminum, could have been brought prior to the commencement of Kaiser Aluminum's bankruptcy. Here, Kaiser Aluminum filed a lawsuit in the Louisiana state court for recovery of the premiums at issue in December 2001, well before it filed for bankruptcy protection on February 12, 2002. KGI did not intervene in that lawsuit or file its own litigation against Kaiser Aluminum until it filed the Travelers Adversary Action. Thus, KGI could have asserted its

claim to the premiums at issue prior to Kaiser Aluminum's bankruptcy, but it chose not to.

KGI also contends that Kaiser Aluminum has not demonstrated that the property at issue is property of the estate, and KGI contends that it is the rightful owner of the premiums at issue. In the Court's view, KGI's argument goes more to the merits of the parties' respective claims. As far as the automatic stay is concerned, KGI was aware that Kaiser Aluminum had asserted an entitlement to the premiums at issue, and KGI's action seeks to recover these funds which have already been paid by Travelers to Kaiser Aluminum. In addition, KGI seeks a declaratory judgment that Travelers must pay to KGI any money which it may recover in the Louisiana lawsuit filed by Kaiser Aluminum against Travelers and Monument. Travelers claims in that lawsuit have since been assigned to Kaiser Aluminum, and thus, any money that Monument is required to return to Travelers would be paid directly to Kaiser Aluminum. Thus, KGI essentially seeks a declaratory judgment that any recovery Kaiser Aluminum might obtain from Monument must be paid to KGI. In these circumstances, the Court is persuaded that the Travelers Adversary Action is an action "to obtain possession of . . . or to exercise control over property of the estate," and therefore, the Court concludes that the protection of the automatic stay under Section 362(a)(3) also applies. *See e.g. In re Southwest Equip. Rental, Inc.,* 1990 WL 129972, *6 (Bankr.E.D.Tenn. Feb. 8, 1990).

KGI also asserts that the Bankruptcy Court's ruling improperly binds KGI to a settlement agreement between Kaiser Aluminum and Travelers. In this regard, KGI suggests that the Bankruptcy Court improperly based its decision on the fact that Kaiser Aluminum was contractually obligated to indemnify and defend Travelers with respect to the Travelers Adversary Action, as a result of Kaiser Aluminum's settlement agreement with Travelers. The Court disagrees with KGI's position. The Bankruptcy Court's ruling is not so much based on the indemnification provision of the settlement agreement as it is on a practical and realistic analysis of whose economic interest is at stake in the Travelers Adversary Action. The Bankruptcy Court's conclusion that Kaiser Aluminum is the real party in interest accurately and correctly reflects that Kaiser Aluminum is currently the owner of the premiums Travelers originally retained and KGI is attempting to recover. Kaiser Aluminum, and not Travelers, is also the entity with an economic interest in any premiums Monument is required to return, and thus Kaiser Aluminum is the real party in interest with respect to KGI's claim for declaratory judgment.

As for KGI's argument that Kaiser Aluminum waived any claims it has to the return of unearned insurance premiums by failing to file a prepetition claim against KGI, the Court disagrees with KGI's position. In the Court's view, KGI's argument is a potential defense to Kaiser Aluminum's action against Monument, and not fully relevant to the question of whether the Bankruptcy Court correctly stayed the Travelers Adversary Action. Further, as Kaiser Aluminum points out, it is questionable whether the waiver and release provisions of KGI's confirmed Second Amended Plan of Reorganization pertain to claims against Monument, a non-debtor subsidiary of KGI.

In sum, the Court concludes that the Bankruptcy Court correctly granted Kaiser Aluminum's motion to enforce the automatic stay. As the Bankruptcy Court recognized, the Travelers Adversary Ac-

tion is, in all reality, directed against Kaiser Aluminum, and Kaiser Aluminum is entitled to the protection of the automatic stay. Accordingly, the Court will affirm the decision of the Bankruptcy Court granting Kaiser Aluminum's motion to enforce the automatic stay.

### CONCLUSION

For the reasons discussed, the Bankruptcy Court's September 30, 2003 Order enforcing the automatic stay and voiding *ab initio* the Travelers Adversary Action commenced by KGI will be affirmed.

An appropriate Order will be entered.

### *FINAL ORDER*

At Wilmington, this 30th day of September 2004, for the reasons set forth in the Opinion issued this date;

IT IS HEREBY ORDERED that the Bankruptcy Court's September 30, 2003 Order enforcing the automatic stay and voiding *ab initio* the Travelers Adversary Action commenced by KGI is AFFIRMED.